GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, New York 10166
(212) 801-9200
Alan J. Brody
Caroline J. Heller

2101 L. Street, N.W.
Suite 1000
Washington, D.C. 20037
(202) 331-3100
Sanford M. Saunders Jr.
Nicoleta Timofti

*Counsel for PPF Management LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 17-10516 |
| SERGEY PETROVICH POYMANOV, | Chapter 15 |
| Debtor in a Foreign Proceeding. | |

## DECLARATION OF KIRILL ZHUKOV

I, Kirill Zhukov, pursuant to 28 U.S.C. §1746, hereby declare under penalty of perjury as follows:

1.  I am a Russian citizen and an attorney licensed to practice law in the Russian Federation. I graduated from the Moscow State Legal Academy in 2000 and became a barrister in 2002, member of the Moscow City Bar. I specialize in civil law and international private and conflict of laws matters, including litigations.

1



2. Although my native language is Russian, in 1990 I graduated from the Moscow State Linguistics University and I am also fluent in English and I submit this Declaration in English.

3. This Declaration on matters of Russian law is provided in support of PPF Management LLC'S Opposition to the Motion of the foreign representative to improve the automatic stay (the "Opposition").

4. According to Item 2 of Article 167 of the Russian Federation Civil Code, if a transaction has been recognized as invalid, the Court can oblige each of the parties to return to the other party all it has received from it by the transaction, and in the case of such return to be impossible in kind (including when the transaction has been involved in the use of the property, the work performed or the service rendered), its cost shall be recompensed in money - unless the other consequences of the invalidity of the transaction have been imposed by the law. Item 3 of the cited Russian Civil Code article further provides that, if it follows from the content of the disputed transaction that it may only be terminated for the future, the court, while recognizing the transaction to be invalid, shall terminate its operation for the future. It should be further noted that such other consequences of invalidity may be established, for example, for transactions contradicting law and order, and the consequences of which may be applied by the court under Article 169 of the Russian Federation Civil Code in the form of confiscation on behalf of the Russian state of the proceeds of the transaction received by the parties which were acting willfully in violation of law and order – which does not relate in any way to PPF Management LLC ("PPF Management").

5. On July 31, 2017, the Moscow Region Arbitrazh Court issued its ruling with respect to the assignment of the SDNY Claims (as defined in the Opposition) to PPF Management from both Mr. S.P. Poymanov and Ms. I. Yu. Podgornaya. In particular, the Moscow Region Arbitrazh Court



ruled: …. "To dismiss the Financial Manager A.V. Bazarnov's claim for application of the consequences of the invalidity of void transactions in the form of a reversion of the respective rights of claim to the bankruptcy estate."

6.   It is very clearly established that the Judgement of the Moscow Region Arbitrazh Court of July 31, 2017 does not require PPF Management to return any rights of claim to the bankruptcy estate and, as such, is not a decision which could be requested to be enforced against PPF Management with a result of such enforcement being the return of the respective rights of claim to the bankruptcy estate of Mr. S.P. Poymanov.

7.   The fact that the Moscow Region Arbitrazh Court in its Judgment of July 31, 2017 denied the motion of the financial administrator to return the SDNY Claims to the bankruptcy estate of Mr. S.P. Poymanov means that the mentioned rights of claim have not been reinstalled as part of the estate of Mr. S.P. Poymanov, and the financial administrator, regardless of the underlying logic in the quoted judgment as to the reasons of the decision by the court, has failed in his attempt to reinstall the rights of claim in question as part of the bankruptcy estate and, consequently, unless the courts of appeal rules otherwise on the mentioned judgment in due course, has no further jurisdiction of any nature whatsoever over the SDNY Claims which are not part of the bankruptcy estate which the financial administrator is empowered to administer.

8.   According to Paragraph 4 of Item 19 of the Ruling of the Supreme Arbitrazh Court of the Russian Federation of December 23, 2010 # 63 "On Certain Issues Connected with the Application of Chapter III.1 of the Federal Law "On Insolvency (Bankruptcy)", the motion by a financial administrator to invalidate a transaction by the debtor under the rules of Chapter III.1 of the Federal Law "On Insolvency (Bankruptcy" is to be paid for by the state levy in the size established generally for disputing transactions.

3



9. According to Item 1 of Article 110 of the Arbitrazh Procedural Code, the court fees shall be paid by the party against which the judgment was directed. The fact that the state levy was ordered to be paid by the financial administrator Mr. A.V. Bazarnov is entirely consistent with the judgment of the Moscow Oblast Arbitrazh Court of July 31, 2017, which denied the claim of the financial administrator to return the rights of claim to the bankruptcy estate of Mr. S.P. Poymanov.

I am available to appear in the United States Bankruptcy Court for the Southern District of New York to answer the Court's questions.

I certify under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed on this 9th day of October 2017.

_____

Kirill Zhukov